UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND FOUNDATION CO., INC.,<br>　　　　　　Defendant. | C.A. No. |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant New England Foundation Co., Inc. ("N.E. Foundation") and the Massachusetts Laborers' District Council ("Union").

9. Defendant N.E. Foundation is a Massachusetts corporation with a principal place of business at One Westinghouse Plaza, Building D, Boston, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185. N.E. Foundation's resident agent, Deirdre A. O'Neill, is located at One Westinghouse Plaza, Building D, Boston, Massachusetts.

**GENERAL ALLEGATIONS OF FACT**

10. On or about February 5, 1970, N.E. Foundation agreed in writing to be bound to the terms of the Acceptance of Agreement and Declaration of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to

any successor agreements. A true and accurate copy of N.E. Foundation's signed Acceptance of Agreement and Declaration of Trust ("Acceptance of Agreement") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreement, N.E. Foundation is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston (the "CBA"). A copy of the relevant pages of the 2012 - 2016 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 21-23, 26-27, 31-33. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency. See Ex. B, pp. 34-35.

15. Signatory contractors such as N.E. Foundation are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

16. N.E. Foundation has failed to submit contributions and reports for April, May and June, 2014. On July 17, 2014, the Funds' counsel sent a letter by certified mail, return receipt requested, and first class mail to N.E. Foundation demanding payment of contributions due for March, April and May, 2014. N.E. Foundation received the certified letter on or about July 22, 2014.

17. To date, N.E. Foundation has failed and refused to remit the contributions owed for April, May and June, 2014.

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. The failure of N.E. Foundation to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, N.E. Foundation will continue to ignore its obligations to remit the contributions it owes to the Funds.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24. The failure of N.E. Foundation to pay the contributions it continues to owe for April through June, 2014, to remit the deducted dues, and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of N.E. Foundation;

b. Order N.E. Foundation to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c. Enter a preliminary and permanent injunction enjoining N.E. Foundation from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d. Enter a preliminary and permanent injunction enjoining N.E. Foundation from refusing or failing to pay contributions owed to the Funds;

e. Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of April through June, 2014, plus any additional amounts determined by the

Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

    f.    Enter judgment in favor of the Funds on Count II for the amount of any unpaid contributions and dues from April through June, 2014 and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

    g.    Such further and other relief as this Court may deem appropriate.

> Respectfully submitted,
>
> BARRY C. McANARNEY, as he is
> EXECUTIVE DIRECTOR,
> MASSACHUSETTS LABORERS'
> HEALTH AND WELFARE FUND, *et al.*,
>
> By their attorneys,
>
> /s/ Anne R. Sills
> Anne R. Sills, Esquire
> BBO #546576
> Alexander Sugerman-Brozan, Esquire
> BBO #650980
> Segal Roitman, LLP
> 111 Devonshire Street, 5th Floor
> Boston, MA 02109
> (617) 742-0208, Ext. 232
> asills@segalroitman.com

Dated: August 11, 2014

## VERIFICATION

I, Barry C. McAnarney, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge,

except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

      SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF AUGUST, 2014.

_____
Barry C. McAnarney

ARS/ars&ts
6306 14-327/complt.doc